UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DAVID BASTON,

Plaintiff,

v.

LAWRENCE PUBLIC LIBRARY,
CITY OF LAWRENCE, KANSAS,
BRAD ALLEN, in his official and individual capacities,
JAMES PAVISIAN, in his official and individual capacities,
JON RATZLAFF, in his official and individual capacities,
TRISTAN STAR, in his official and individual capacities,
BRAD FINKELDEI, in his official and individual capacities,
and JOHN DOES 1–7 (additional Library staff and officials),

Defendants.

Case No. 5: 26 - Cv - 4051 (to be assigned)

COMPLAINT
(Jury Trial Demanded)



**FILED**

MAY 28 2026

Clerk, U.S. District Court
By: _N. Cay_ Deputy Clerk

## I. INTRODUCTION

1. This is a civil rights action brought under 42 U.S.C. § 1983 for repeated violations of Plaintiff David Baston's rights under the First and Fourteenth Amendments, the Americans with Disabilities Act, and Kansas constitutional and tort law.

2. For 17 months the Lawrence Public Library suppressed Plaintiff's protected religious and political speech through viewpoint discrimination, selective enforcement, retaliation, and arbitrary trespass orders while allowing other patrons and the Library itself to engage in far more prominent expressive conduct.

## II. JURISDICTION AND VENUE

3. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3). Supplemental jurisdiction over state-law claims exists under 28 U.S.C. § 1367(a).

4. Venue is proper in the District of Kansas under 28 U.S.C. § 1391(b) because all defendants reside in this district and the events giving rise to the claims occurred here.

III. PARTIES

5. Plaintiff David Baston is a resident of Douglas County, Kansas.

6. Defendant Lawrence Public Library is a public entity operating within the City of Lawrence.

7. Defendant City of Lawrence is a municipal corporation that oversees the Library.

8. Defendant Brad Allen is the Library Director and is sued in his official and individual capacities.

9. Defendant James Pavisian is Chair of the Library Board of Trustees, a licensed attorney who helped draft the Library's Free Speech Activities Policy, and is sued in his official and individual capacities.

10. Defendant Jon Ratzlaff is a Library staff member who was involved in the January 26, 2026 incident and is sued in his official and individual capacities.

11. Defendant Tristan Star is Library security personnel who was involved in the incidents and is sued in his official and individual capacities.

12. Defendant Brad Finkeldei is the Mayor of Lawrence and a member of the Library Board of Trustees and is sued in his official and individual capacities.

13. Defendants John Does 1–7 are additional Library staff members, security personnel, and officials whose identities will be determined through discovery and who are sued in their official and individual capacities.

IV. STATEMENT OF FACTS

14. The Library's Free Speech Activities Policy prohibits only expression that "would

interfere with study and enjoyment of visitors."

15. On December 1, 2024, Plaintiff peacefully entered the Library holding a sign. Staff read the policy to him. Plaintiff continued walking silently with no disruption. He received a 1-day suspension. The official incident report contains photos timestamped January 26, 2026 and a suspension Plaintiff was never notified of at the time.

16. On January 26, 2026, Plaintiff displayed a small sign reading "Stand up for your rights and Love all people" and performed quiet religious charity ("God loves them"). Staff admitted they had "no problem with the sign" and later said "just tape it to your shirt" would have been allowed. Plaintiff received a 3-month suspension.

17. On or about May 1, 2026, Plaintiff sent a formal "Notice of Intent to Return" to Director Allen and the Board, notifying them that the three-month trespass order had expired on April 27, 2026. Plaintiff stated he would resume lawful use of the Library peacefully and respectfully, referenced the ongoing viewpoint discrimination, and reserved all legal rights, including under 42 U.S.C. § 1983.

18. Later that same day (May 1, 2026), Plaintiff carried a shirt displaying the Bible verse Proverbs 31:8-9 ("God said call out injustice & defend the rights of the poor and needy"). Staff member Darin called it "protesting" and "trying to get a reaction," refused to cite any specific policy, and threatened to call police. Plaintiff voluntarily left the building after continuing to record, including the Library's display of 50 to 100 international flags. Police informed him of a 6-month trespass warning after he had already exited.

19. In all three incidents Plaintiff remained completely silent until staff initiated contact. No disruption, noise, blocking, or patron complaints ever occurred.

20. On January 30, 2026 (four days after the second incident), a man carried a large 36" × 48" U.S. flag on a pole inside the Library for approximately one hour with zero enforcement. Plaintiff has video.

21. The Library permanently displays pride and transgender flag stickers in the children's area and is currently displaying at least 100 international flags plus art and clothing with civil-rights messages.

22. On or about February 4, 2026, Plaintiff sent the Library a "Notice of Liability and pursuant to Kansas Rule of Civil Procedure 60-204," putting Defendants on notice of the

constitutional violations.

23. Plaintiff wrote to the Library Board of Trustees at least four times (and more), requesting a meeting to discuss the constitutional violations, present his evidence and videos, and provide extensive supporting case law. The Board, including the Mayor who sits on the Board, refused to meet with Plaintiff, engage with the evidence, or hold any public discussion on the issues.

24. On February 4, 2026 at 1:29 pm, Library Board Chair James Pavisian sent his second official denial letter rejecting Plaintiff's appeals, stating that "the full board had seen" Plaintiff's letters and evidence. When Plaintiff asked directly by email, James again confirmed that "they all seen the letters." However, at 1:53 pm the same day (only 24 minutes later), Director Brad Allen sent an email to the full Board forwarding Plaintiff's letters "in the spirit of transparency." The KORA records Plaintiff later obtained (including email timestamps) prove that the Board had not seen the letters when James issued the denial. This repeated knowing misrepresentation by the lawyer who helped write the policy and the Director who facilitated it demonstrates bad faith, retaliation, arbitrary enforcement, lack of due process, and supports Monell liability as well as personal liability and punitive damages against both individuals.

V. CAUSES OF ACTION

Count 1 – First Amendment Violations (Viewpoint Discrimination, Symbolic Speech, Free Exercise)
Count 2 – Fourteenth Amendment Procedural Due Process
Count 3 – Fourteenth Amendment Equal Protection (Class-of-One Selective Enforcement)
Count 4 – First Amendment Retaliation
Count 5 – ADA Title II and Rehabilitation Act § 504 (Disability Discrimination)
Count 6 – Monell Liability

VI. SUPPLEMENTAL STATE-LAW CLAIMS
Count 7 – Kansas Constitution §§ 11 and 18
Count 8 – Kansas Tort Claims Act (Intentional Infliction of Emotional Distress, Negligence, Abuse of Process)

VII. PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court enter judgment in his favor and against all

Defendants, jointly and severally, as follows:

a. Declare the Library's actions unconstitutional;

b. Issue a permanent injunction rescinding all trespass orders and enjoining future enforcement against peaceful, non-disruptive expression;

c. Award compensatory damages in excess of $150,000, including damages for emotional distress, anxiety, aggravation of Plaintiff's documented heart condition, loss of access to public library services, and other harms caused by Defendants' conduct;

d. Award punitive damages against individual defendants;

e. Award attorney fees and costs under 42 U.S.C. § 1988 and other applicable law;

f. Award nominal damages if necessary; and

g. Grant such other relief as the Court deems just and proper.

JURY TRIAL DEMANDED

Respectfully submitted,

David Baston
Pro Se Plaintiff
886 E. 1289 Rd
Lawrence, KS 66047 (Douglas County)
Phone: 785-691-6607
Email: Dbaston1969@gmail.com
Date: May 28, 2026